RANSOM, GILBERTSON, MARTIN &
RATLIFF, LLP
Jeffrey S. Ratliff
8401 NE Halsey Street Suite 208
Portland, OR 97220
T: 503-226-3664

*[Proposed] Liaison Counsel for Plaintiff and Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| JOHN BYRNE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WESTPAC BANKING CORPORATION, BRIAN CHARLES HARTZER, and PETER FRANCIS KING,<br><br>Defendants. | **CASE No.: 3:20-cv-00171-AC**<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF MOVANT EDWARD DAVIES FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**ORAL ARGUMENT REQUESTED** |

**PLEASE TAKE NOTICE** that on a date and at a time to be designated by the Court, Movant Edward Davies ("Movant") will and does move this Court for an order granting the Motion: (a) appointing Movant as Lead Plaintiff; and (b) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen") as Lead Counsel and Ransom, Gilbertson, Martin & Ratliff, LLP ("RGMR") as Liaison Counsel.

This Motion is brought pursuant to the Securities Exchange Act of 1934 ("Exchange Act"), on the grounds that: (1) Movant should be appointed as Lead Plaintiff for the class of

1

securities purchasers of Westpac Banking Corporation ("Westpac" or the "Company") between November 11, 2015 and November 19, 2019, inclusive (the "Class Period"), as Movant timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (2) that Movant's selection of Rosen as Lead Counsel and RGMR as Liaison Counsel should be approved as the firms are well-qualified, with extensive experience in cases of this type.

In support of this Motion, Movants file herewith a memorandum of points and authorities, the Declaration of Jeffrey S. Ratliff, and a proposed order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant respectfully submits this memorandum in support of its motion for an Order, pursuant to the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)    appointing Movant as Lead Plaintiff for all persons other than Defendants who purchased the securities of Westpac during the Class Period, seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2)    appointing Rosen as Lead Counsel and RGMR as Liaison Counsel for the Class.

## CLAIMS ASSERTED

This action was commenced on January 30, 2020 by Rosen and RGMR in the United States District Court for the District of Oregon against Defendants alleging claims under §§ 10(b) and 20(a) of the Exchange Act. That same day, a PSLRA early notice advising potential Class members of, *inter alia*, the claims alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff was issued. A copy of the early notice is attached as Exhibit 1 to the Declaration of Jeffrey S. Ratliff filed herewith ("Ratliff Decl." or "Ratliff Declaration").

The complaint alleges that the Defendants' statements during the Class Period were false and misleading and omitted to state material adverse facts. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) contrary to Australian law, the Company failed to report over 19.5 million international funds transfer instructions to the Australian Transaction Reports and Analysis Centre ("AUSTRAC"); (2) the Company did not appropriately monitor and assess the ongoing money laundering and terrorism financing risks associated with movement of money into and out of Australia; (3) the Company did not pass on requisite information about the source of funds to other banks in the transfer chain; (4) despite

3

being aware of the heightened risks, the Company did not carry out appropriate due diligence on transactions in South East Asia and the Philippines that had known financial indicators relating to child exploitation risks; (5) the Company's Anti-Money Laundering and Counter-Terrorism ("AML/CTF") Program was inadequate to identify, mitigate and manage money laundering and terrorism financing risks; and (6) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

Westpac purports to provide various banking and financial services in Australia, New Zealand, Asia, the Pacific region, and internationally. On November 11, 2015, Westpac filed with the SEC its Annual Report on Form 20-F for the fiscal year ended September 30, 2015, in which the Company affirmed its compliance with AUSTRAC and American requirements, including anti-money laundering and related requirements. On November 9, 2016, and November 8, 2017 Westpac filed with the SEC its Annual Reports on Form 20-F for the fiscal years ended September 30, 2016, September 30, 2017, respectively, in which the Company similarly affirmed its compliance with AUSTRAC and American requirements, including anti-money laundering and related requirements.

On November 7, 2018, Westpac filed with the SEC its Annual Report on Form 20-F for the fiscal year ended September 30, 2018, in which the company affirmed its compliance with AUSTRAC and American requirements, including anti-money laundering and related requirements and also the newer Anti-Money Laundering and Counter-Terrorism Financing Amendment Act 2017 (Amendment Act). The Company also announced that it "has recently self-reported to AUSTRAC a failure to report a large number of International Funds Transfer Instructions (IFTis) (as required under Australia's AML/CTF Act). . ." On May 6, 2019, the

4

Company held a conference call to discuss the Company's interim 2019 financial results. During the call, Defendant Hartzer downplayed the Company's interaction with AUSTRAC.

Then on November 19, 2019, after market hours, AUSTRAC, Australia's anti money-laundering and terrorism financing regulator, filed a civil action in Australian Court alleging over 23 million breaches of Australian law, including a failure to report over 19.5 million international fund transfer, failing to perform enhanced due diligence on correspondent banks in high-risk jurisdictions, and potentially providing services used in the exploitation of children in South East Asia and the Philippines. On this news, Westpac ADRs fell $1.25 per share over the next three trading days or over 7.13% to close at $16.67 per ADR on November 22, 2019, damaging investors.

Then, On November 28, 2019, new evidence emerged that an internal Westpac memo showed that the Company was aware that its process for reporting international transfers was inadequate, that the bank was responsible for six million additional breaches that could not be prosecuted due to statute of limitation claims, and that a number of staff members knew that some payments were not being reported, but the information was not escalated. On December 17, 2019, the Australian Prudential Regulation Authority ordered Westpac to set aside an extra $500 million in capital to "reflect the heightened operational risk profile of the bank" as it investigates the Company's conduct.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's ADRs, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movants in this litigation, and are therefore is the most adequate and should be appointed as Lead Plaintiff.

### A. Movant Is Willing to Serve as Class Representative

Movant timely filed the instant motion in response to a PSLRA early notice, and filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Ratliff Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as lead plaintiff for the Class.

6

## B. Movants Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA does not specify precisely how to calculate the "largest financial interest," the movants' approximate losses in the subject securities is the best measure. *Richardson v. TVIA, Inc.*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $32,256.83 in connection with his purchases of Westpac securities. *See* Ratliff Decl., Ex. 3 (Movant's Loss Chart). Movant is not aware of any other movant that has suffered greater losses in Westpac securities. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

## C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that movants satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a

*prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant's claims share substantially similar questions of law and fact with the claims of the members of the Class, and Movant's claims are therefore typical of the members of the Class. Movant and all members of the Class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Westpac and its business. Movant, as did all of the members of the Class, purchased Westpac securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Movant and other Class members, and Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

## D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant's ability and desire to fairly and adequately represent the Class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against Movant that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen as Lead Counsel and RGMR as Liaison Counsel. Rosen and RGMR initiated this action and the firms have been actively researching the Class's and the Movant's claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Rosen has prosecuted securities fraud class actions and has obtained substantial recoveries on behalf of investors. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in numerous courts throughout the country. The resumes of the firms are attached as Exhibits 4 and 5 to the Ratliff Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the Class will receive the best legal representation available.

## III. CONCLUSION

9

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff for the Class; (2) approving Rosen Lead Counsel and RGMR as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: March 30, 2020                    Respectfully submitted,

RANSOM, GILBERTSON, MARTIN &
RATLIFF, LLP
By:
Jeffrey S. Ratliff
8401 NE Halsey Street Suite 208
Portland, OR 97220
T: 503-226-3664

*[Proposed] Liaison Counsel for Plaintiff and Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
          pkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and Class*

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2,262 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.