Honorable John V. Acosta
United States Magistrate Judge
Mark O. Hatfield United States Courthouse
1000 Southwest Third Avenue- Room 1127
Portland Oregon, 97204

July 6, 2020

**Re:**    *Byrne v. Westpac Banking Corp., et al., 3:20-cv-00171-AC*

Dear Judge Acosta:

We are counsel for Lead Plaintiff Edward Davies ("Plaintiff" or "Lead Plaintiff") in the above referenced case.

On April 20, 2020 the Court entered an order requiring the parties to file a proposed scheduling order by July 6, 2020. (Docket No. 22).

Pursuant the Private Securities Litigation Reform Act ("PSLRA") all discovery in this case is stayed during the pendency of any motions to dismiss. 15 U.S.C. §78u-4-(b)(3)(B).

On April 29, 2020 Plaintiff's counsel contacted Defendants' counsel to set up a call to discuss filing a proposed scheduling order. On May 8, 2020 the parties met and conferred by phone. Plaintiff's counsel proposed a schedule for filing an amended complaint and motion to dismiss briefing. Plaintiff's proposed schedule set forth dates for the filing of an amended complaint, motion to dismiss, opposition and reply.

On July 1, 2020 counsel for Defendants' emailed Plaintiff's counsel, and for the first time proposed a schedule providing for two separate successive rounds of motions to dismiss. First, Defendants proposed filing a motion to dismiss on *forum non conveniens*, jurisdiction and venue. Second, 45 days after those motions are denied Defendants proposed filing further motions to dismiss on substantive grounds, pursuant to Federal Rule of Civil Procedure 12(b)(6). According to Defendants' proposed schedule, the PSLRA's automatic stay of discovery would remain in place until both rounds of motions to dismiss had been decided. Plaintiff's counsel informed Defendants' counsel that Plaintiffs did not agree with Defendants' proposal.

Having two successive rounds of motion to dismiss briefing would needlessly delay this litigation.
Federal Rule of Civil Procedure 12(g) prohibits successive motions to dismiss. Rule 12(g)(2) states, "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). The ban on successive Rule 12 motions is "salutary in that it works against piecemeal consideration of a case." Fed. R. Civ. P. 12(g) advisory committee's note to 1966 amendment. The Ninth Circuit has emphasized that Rule 12(g)(2)) is to be read "in light of the general policy of the Federal Rules of Civil Procedure ... to secure the just, speedy,

and inexpensive determination of every action and proceeding." *Id.* (quoting Fed. R. Civ. P. 1). *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) (citing Fed. R. Civ. P. 12(g)(2)). *See also* 2A J. Moore, J. Lucas and G. Grother, *Moore's Federal Practice* (2d ed. 1987) ¶ 12.22 at 12–192. "The philosophy underlying Rule 12(g) is simple and basic: a series of motions should not be permitted because that results in delay and encourages dilatory tactics." *Id.*, at 12–186.

Given the PSLRA's automatic stay on discovery, Plaintiff will not be permitted to conduct discovery until the resolution of all motions to dismiss. Permitting Defendants to file successive rounds of motions to dismiss will severely prejudice Plaintiff given that he will be prohibited from conducing any discovery pending the resolution of not one but two motions to dismiss.

Accordingly, Plaintiff respectfully requests that the Court enter the following schedule:

| | |
|---|---|
| July 30, 2020: | Plaintiff's Amended Complaint |
| October 13, 2020: | Defendants' Motion(s) to Dismiss |
| December 27, 2020: | Plaintiff's Opposition to Defendants' Motion(s) to Dismiss |
| February 10, 2021: | Defendants' Reply(ies) in further support of Motion(s) to Dismiss |

A proposed order is submitted herewith.

Respectfully submitted,

*/s/Sara Fuks*

THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen (*admitted pro hac vice)*
Sara Fuks (*admitted pro hac vice*)
275 Madison Avenue 40th Floor
New York, NY 10016
Tel: 212-686-1060

*Lead Counsel for Lead Plaintiff and the Class*

RANSOM, GILBERTSON, MARTIN &
RATLIFF, LLP
Jeffrey S. Ratliff
8401 NE Halsey Street Suite 208
Portland, OR 97220
Tel: 503-226-3664

*Liaison Counsel for Lead Plaintiff and the Class*