## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| JOHN BYRNE, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>WESTPAC BANKING CORPORATION, BRIAN CHARLES HARTZER, and PETER FRANCIS KING,<br><br>        Defendants. | **Case No: 3:20-cv-00171-AC** |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS': (1) CONSENTED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT EXPENSES, AND AWARD TO LEAD PLAINTIFF**

Lead Plaintiff Edward Davies ("Davies" or "Lead Plaintiff") and Named Plaintiff John Byrne ("Byrne" and with Davies, "Plaintiffs"),[1] respectfully submit this reply memorandum of points and authorities in further support of their: (1) Consented Motion For Final Approval of Class Action Settlement and Plan of Allocation; and (2) Motion for Award of Attorneys' Fees, Reimbursement Expenses, and Award to Lead Plaintiff (the "Motions") (Dkt. Nos. 33, 35).

## I.     PRELIMINARY STATEMENT

On November 5, 2020, the Court issued the Amended Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") (Dkt. No. 31) that, among other things, approved a notice program to the Settlement Class and set dates for Plaintiffs to file motions in support of final approval, for approval of attorneys' fees and expenses, and for an Award to Lead Plaintiff. In addition, the Court set the following deadlines for Settlement Class Members: (i) March 8, 2021 as the deadline to request exclusion from the Settlement Class; (ii) March 30, 2021 as the deadline to object to the Settlement; and (iii) April 6, 2021 as the deadline for Settlement Class Members to enter a notice of appearance indicating an intent to attend the Final Approval Hearing. All of those dates having now passed, we can inform the Court that no Settlement Class Member has either (i) objected to the Settlement, the request for attorneys' fees and reimbursement of expenses, or Award to Lead Plaintiff, or any aspect thereof, or (ii) filed a notice of appearance indicating an intent to attend the Final Approval Hearing (which means that all Settlement Class Members continue to be represented by Lead Counsel). *See* Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings set forth and defined in the Stipulation and Agreement of Settlement, filed on October 12, 2020 (the "Stipulation") (Dkt. No. 29-4.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS': (1) CONSENTED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT EXPENSES, AND AWARD TO LEAD PLAINTIFF

Notice; and (B) Report on Requests for Exclusion and Objections; and (C) Estimate of Recognized Losses ("Supplemental Bravata Decl."), filed herewith, ¶6. Separately, although the claims administrator has received nine purported requests for exclusion, only one of those requests is valid. Eight of the purported entities and individuals requesting exclusion are not eligible to receive any recovery because they did not hold Westpac Banking Corporation securities through the alleged corrective disclosures. *Id*. ¶5.[2] The one valid exclusion request has a potential recognized loss of only $80. Bravata Decl. ¶10. The lack of objections, the absence of any notices of appearance, and the immaterial number of valid requests for exclusion further support the Court granting approval of the Motions.

The Claims Administrator, Strategic Claims Services ("SCS"), mailed 84,341 Postcard Notices to potential Settlement Class Members or nominees. Supplemental Bravata Decl. ¶2. Additionally, the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Summary Notice") was emailed to 8,331 clients of one nominee and another nominee emailed 25,607 of its clients a direct link to the Settlement website so its clients could obtain copies of the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Long Notice") and Proof of Claim and Release ("Claim Form"). *Id.* In total, 118,279 potential Settlement Class Members were notified either by Postcard Notice, email of Summary Notice, or email of a link to the Notice and Claim Form. *Id.*

---

[2] Plaintiffs filed the requests for exclusion with the Court as Exhibit E to Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections (the "Bravata Decl.") (Dkt. No. 33-1).

SCS also published the Summary Notice in *Investor's Business Daily* and over *PR Newswire*. Bravata Decl. ¶7. SCS established a webpage dedicated to the Settlement where Settlement Class Members could obtain important documents such as the Long Notice, Claim Form, Postcard Notice, and Stipulation. Supplemental Bravata Decl. ¶3.

Finally, Class Members' actual recovery as a percentage of their total Recognized Losses based on the claims submitted demonstrates that the Settlement is an excellent result for Class Members. As set forth below, Plaintiffs respectfully submit that Settlement Class Members will recover 45.7% of their total losses before payment of fees and expenses, and will receive 30% of their actual losses even after deducting the requested attorneys' fees, litigation expenses and award to Lead Plaintiff. This is an outstanding recovery, especially in light of the fact that in 2019 the median settlement as a percentage of damages for securities class actions for securities class actions with damages under $25 million was 12.8%. *See* Cornerstone Research, Securities Class Action Settlements: 2019 Review and Analysis at 6 (See Dkt. No. 29-6 at 6).

In sum, the response of the Settlement Class, the absence of objections or any separate notices of appearance, the immaterial number of valid requests for exclusion, and the excellent recovery for Settlement Class Members all further support the fairness, adequacy, and reasonableness of the Settlement and the Plan of Allocation, as well as Plaintiffs' requests for attorneys' fees, reimbursement of expenses, and Award to Lead Plaintiff.

## II.    ARGUMENT

### A.    The Settlement Class Members' Reaction Supports Final Approval of the Settlement and Plan of Allocation

Class members' reaction to a proposed settlement is an important factor in evaluating a settlement's fairness, reasonableness, and adequacy. *See, e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (that the "overwhelming majority" stayed in the class is

"objective positive commentary as to its fairness"); *In re Galena Biopharma, Inc. Derivative Litig.*, No. 3:14-CV-00382-SI, 2016 WL 10840600, at *3 (D. Or. June 24, 2016) (that no objections to Settlement received "weighs heavily in favor of final approval."); *Arnett v. Bank of Am., N.A.*, No. 3:11-CV-1372-SI, 2014 WL 4672458, at *10 (D. Or. Sept. 18, 2014) (settlement is fair and reasonable when few opt-outs and objections); *Ching v. Siemens Indus., Inc.*, No. 11-CV-04838-MEJ, 2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014) (lack of objections is a "positive response" and supports that "the settlement is favorable to the class members."). Where few or no class members object to a settlement or request exclusion, courts infer that the class as a whole approves of the settlement as fair, adequate, and reasonable. *See*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (district court did not err in approving a settlement where there was a handful of objectors and one opt-out in a 5,400 member class); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); *Nat'l Rural Telecomm's Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.") (citing cases).

Here, the lack of objections to the Settlement or Plan of Allocation, the lack of separate notices of appearance regarding the Final Approval Hearing, and only one valid request for exclusion, demonstrate that the Settlement and Plan of Allocation are fundamentally fair, reasonable, and adequate. Thus, the reaction of the Settlement Class further supports this Court's granting final approval of the Settlement and the Plan of Allocation.

**B.      The Settlement Class Members' Reaction Supports the Requested Fees, Reimbursement of Expenses, and Award to Lead Plaintiff**

Similarly, after a full and fair notice program, the absence of objections to Plaintiffs' request for an award of attorneys' fees and reimbursement of expenses constitutes a class's tacit approval, further supporting the fairness and reasonableness of these requests. *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("the lack of objection from any Class Member supports the attorneys' fee award."); *Gustafson v. Valley Ins. Co.*, No. CV 01-1575-BR, 2004 WL 2260605, at *2 (D. Or. Oct. 6, 2004) (no objections to attorneys' fees and expense request supports their approval); *In re Heritage Bond Litig.*, No. 02-ML-1475-DT(RCX), 2005 WL 1594389, at *16 (C.D. Cal. June 10, 2005) (holding that one objector to a settlement in which notice was disseminated to over 6,000 potential class members, "is remarkably small given the wide dissemination of notice [and] [a]ccordingly, the Court concludes that the lack of significant objections to the requested fees justifies an award of one-third of the Settlement Fund."); *Ching,* 2014 WL 2926210, at *8 (finding "the lack of objection from the class after notice further demonstrates the reasonableness and fairness of Class Counsels' fee request"). The Court can infer from the absence of objections, too, that a class approves of the award to a representative plaintiff. *Jenson, v. First Tr. Corp.*, No. CV 05-3124 ABC (CTX), 2008 WL 11338161, at *16 (C.D. Cal. June 9, 2008) (no objections to awards to class representatives support their approval); *Hayes v. MagnaChip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 6902856, at *9 (N.D. Cal. Nov. 21, 2016) (approving award to plaintiffs, in part, as "[n]o one has objected to the proposed incentive awards").

No Settlement Class Member objected to Lead Counsel's efforts and results they achieved for the Settlement Class. Accordingly, this Court should find that the Settlement Class

tacitly approves of Plaintiffs' request for attorneys' fees, reimbursement of expenses, and Award to Lead Plaintiff, further supporting their approval.

**C.      The Class's Recovery Based on the Claims Filed Supports Approval of the Settlement**

Settlement Class Members who submitted valid claims will be receiving a substantial payout from the Settlement. The deadline to submit a claim was January 18, 2021.  The Claims Administrator has provided a preliminary tally of the number and value of the claims filed to date, as shown below:

| Type of Claims | Number of Claims | Dollar Value of Claims[3] | Number of ADS |
|---|---|---|---|
| Valid | 9,330 | $6,619,147 | 8,539,995 |
| Deficient w/limited proof | 216 | $164,910 | 291,536 |
| Total | 9,546 | **$6,784,057** | 8,831,531 |

Bravata Decl. ¶8

As indicated above, to date, SCS has received a total of 9,546 claims with Recognized Losses.[4] Of these claims, 9,330 are valid, representing Recognized Losses in the amount of $6,619,147. The remaining 216 claims are deficient—meaning that the claimant failed to submit

---

[3] Per the formula set forth in the Court-approved Plan of Allocation.

[4] Claims typically continue to come in after the claims filing deadline. These claims will be processed by SCS until doing so will delay distribution of the Net Settlement Fund, at which point Lead Counsel will ask the Court to accept all valid claims, as well as those claims that are late, but otherwise valid.

proper documentation, such as brokerage statements, but will be given the opportunity to provide the information. The deficient claims represent Recognized Losses in the amount of $164,910.[5]

Adding the Recognized Losses for the valid and deficient claims results in total Recognized Losses in the amount of $6,784,057. This means that the Settlement Class Members who submitted timely, valid claims (as well as the Settlement Class Members who submitted deficient claims subject to cure via additional documentation) will recover at least ***30.1%*** of their Recognized Losses, ***even after*** deducting the requested attorneys' fees, litigation expenses, and the Award to Lead Plaintiff:

| | |
|---|---|
| Settlement Amount: | $3,100,000 |
| Percentage Fee Requested: | 33$^{1/3}$% (one-third) |
| Gross % Class Recovery: | 45.7% |
| | |
| Fee Request Amount: | $1,0333,333.33 |
| Expense Request: | $23,776 |
| Lead Plaintiff Award: | $1,500 |
| Total Fees and Expenses: | $1,058,610 |
| Net Class Recovery: | $2,041,390 |
| **Net Class % Recovery:** | **30.1%** |

_____

[5] The Claims Administrator also received 22,702 claims with no Recognized Losses. Supplemental Bravata Decl. ¶8. Those claims will be rejected.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS': (1) CONSENTED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT EXPENSES, AND AWARD TO LEAD PLAINTIFF

The Class's gross percentage recovery is 45.7% and its net recovery after payment of fees and expenses is 30.1% of Recognized Losses.  This is an outstanding result and supports approval of this Settlement.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court finally approve the Settlement and Plan of Allocation and grant Plaintiffs' motion for an award of attorneys' fees, reimbursement of expenses, and Award to Lead Plaintiff.    Proposed orders are submitted herewith.  The parties are available to attend a Final Approval Hearing at the Court's convenience.

Dated: April 13, 2021                                       Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Sara Fuks*
Laurence M. Rosen (*pro hac vice*)
Sara Fuks  (*pro hac vice*)
275 Madison Ave., 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: sfuks@rosenlegal.com

*Lead Counsel for Plaintiffs*

**RANSOM,  GILBERTSON,  MARTIN  & RATLIFF, LLP**
Jeffrey S. Ratliff
8401 NE Halsey Street Suite 208
Portland, OR 97220
T: 503-226-3664

*Liaison Counsel for Plaintiffs*