UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOHN BYRNE, Individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WESTPAC BANKING CORPORATION, BRIAN CHARLES HARTZER, and PETER FRANCIS KING,<br><br>　　　　Defendants. | Case No: 3:20-cv-00171-AC<br><br>ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT |

*Order*

WHEREAS, a case is pending in this Court entitled *Byrne v. Westpac Banking Corp. et al.*, 3:20-cv-00171-AC (the "Action");

WHEREAS, (a) Lead Plaintiff Edward Davies and named plaintiff John Byrne (collectively "Plaintiffs"), and b) defendant Westpac Banking Corporation ("Westpac"), and defendants Brian Charles Hartzer and Peter Francis King (collectively, the "Individual Defendants," and, together with Westpac, the "Defendants" and, together with Plaintiffs, the

"Parties") have entered into a Stipulation and Agreement of Settlement dated October 6, 2020 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated November 5, 2020 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on May 5, 2021 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and

all matters relating to the Settlement, as well as personal jurisdiction over all the Parties and each of the Settlement Class Members.

2.  **Documents Reviewed and Considered** – The court has reviewed and considered the records herein, including but not limited to the following:

   a. Notice of Plaintiffs' Consented Motion for Preliminary Approval of Proposed Class Action Settlement filed October 12, 2020 (ECF No. 29);

   b. Amended Order Preliminarily Approving Settlement and Providing for Notice filed November 5, 2020 (ECF No. 31);

   c. Notice of Plaintiffs' Consented Motion for Final Approval of Class Action Settlement and Plan of Allocation filed March 18, 2021 (ECF No. 33);

   d. Memorandum of Points and Authorities in Support of Plaintiffs' Consented Motion for Final Approval of Class Action Settlement and Plan of Allocation filed March 18, 2021 (ECF No. 33-5) ("Memo");

   e. Declaration of Sara Fuks in Support of Plaintiffs' Motions for: (1) Final Approval of Proposed Class Action Settlement and Plan of Allocation; and (2) an Award of Attorneys' Fees, Reimbursement Expenses, and Award to Lead Plaintiff filed March 18, 2021 (ECF No. 34);

   f. Notice of Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement Expenses, and Award to Lead Plaintiff filed March 18, 2021 (ECF No. 35);

   g. Memorandum of Points and Authorities in Support of Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement Expenses, and Award to Lead Plaintiff filed March 18, 2021 (ECF No. 35-1) ("Attorneys' Fee Memo");

   h. Reply Memorandum of Points and Authorities in Support of Plaintiffs': (1)

Consented Motion for Final Approval of Proposed Class Action Settlement and Plan of Allocation; and (2) Motion for Award of Attorneys' Fees, Reimbursement Expenses, and Award to Lead Plaintiff filed April 13, 2021 (ECF No. 39) ("Reply Memo"); and

i. Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Report on Requests for Exclusion and Objections and (C) Estimate of Recognized Losses filed April 13, 2021 (ECF No. 40).

3. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation; and (b) the Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on October 12, 2020.

4. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons who purchased shares of Westpac Securities during the Class Period. Excluded from the Settlement Class are: (i) the Defendants; (ii) members of the Immediate Family of each of the Individual Defendants; (iii) any entity in which any Defendant has a controlling interest; (iv) the officers and directors of Westpac during the Settlement Class Period; and (v) the legal representatives, heirs, successors or assigns of any such excluded party. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.

5. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as Class Representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Lead

Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. **Notice** – The Court finds that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended ("PSLRA"), and all other applicable law and rules.

7. **Fairness, Reasonableness, and Adequacy of the Settlement** – The Court has reviewed the Settlement in light of the factors set forth in Rule 23 of the Federal Rules of Civil Procedure and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), which include the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the

risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. The Court finds the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Additionally, the record establishes the Settlement was negotiated at arm's length and discloses no evidence of collusion.

8. **The Plan of Allocation** – The Plan of Allocation has a reasonable and rational basis and compensates Settlement Class Members equitably based on the type and extent of their injuries.

9. **Final Settlement Approval** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action). The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10. **Dismissal of Action and Claims** – The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

11. **Attorney Fees and Expenses** – Taking into account all of the circumstances, and for the reasons described in the Attorney Fees Memo, Class Counsel's request for attorneys' fees equal to one-third of the Settlement amount, in the amount of $1,033,333.33 is reasonable. Furthermore, costs incurred in the amount of 24,776.41 are reasonable and necessary, especially

considering the complexity of this Action.

12.  **Incentive Award to Lead Plaintiff** – The requested incentive award of $1,500 for the Lead Plaintiff is appropriate and reasonable based on applicable factors.

13.  **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

14.  **Releases** – The Releases set forth in paragraphs 5-9 of the Stipulation, together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)  Without further action by anyone, and subject to paragraph 15 below, upon the Effective Date of the Settlement, Plaintiff Releasors and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged and dismissed, with prejudice, and agreed not to institute, maintain or prosecute each and every Released Plaintiffs' Claim against the Defendants and the other Defendant Releasees, and shall forever be barred and enjoined without the necessity of posting a bond from commencing or prosecuting any action or proceeding asserting any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees. This

Release and injunction expressly extend to all claims covered by the Stipulation and all Plaintiff Releasors defined therein. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(u) of the Stipulation).

(b)     Without further action by anyone, and subject to paragraph 15 below, upon the Effective Date of the Settlement, Defendant Releasors shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiff Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

(c)     Notwithstanding paragraphs 14(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

15.     **<u>Bar Order</u>** – Pursuant to the PSLRA, upon the Effective Date of the Settlement, to the fullest extent permitted by law, all persons shall be permanently enjoined, barred and restrained from bringing, commencing, maintaining, prosecuting or asserting any claims, actions, or causes of action for contribution against any of the Defendant Releasees seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to any Settlement Class Member arising out of, relating to or concerning any Released Plaintiffs' Claims, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in any federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Accordingly, to the full extent provided by the PSLRA, upon the

Effective Date of the Settlement, the Court bars all claims for contribution: (i) against the Defendant Releasees; and (ii) by the Defendant Releasees against any person or entity other than any person or entity whose liability to the Settlement Class has been extinguished pursuant to the Stipulation and this Judgment. Any final verdict or judgment obtained by or on behalf of Lead Plaintiffs or any Plaintiff Releasors shall be reduced as provided by the PSLRA. Notwithstanding the foregoing and for the avoidance of doubt, nothing in this Paragraph shall preclude, prohibit or limit in any way the right of any Defendant to indemnification or to make a claim for recovery or reimbursement under any insurance policy.

16. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

17. **No Admissions** – Neither this Judgment, the MOU, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the MOU and the Stipulation, nor any proceedings taken pursuant to or in connection with the MOU, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability,

negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees or in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiff Releasors, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff Releasors that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Releasors, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

18. **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion

to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; (f) the Settlement Class Members for all matters relating to the Action; and (g) the voluntary dismissal of the Dismissed King Claims.

19.     **Separate Orders** – Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

21.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of August 14, 2020, as provided in the Stipulation.

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

*Judgment*

22.  **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 12th day of May, 2021.

_____
JOHN V. ACOSTA
United States Magistrate Judge

# Exhibit 1

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**

Carmen A. Cerza

Leslie Cornett

Nancy A. Gay Revocable Trust

Rio Tinto Staff Superannuation Fund

Societe Generale

Catherine Curtain

Mark Mirabile

Jules V. Nix

Roland Shaw