IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN BYRNE,                            )
                                       )
                    Plaintiff,  )   Case No.
                                       )   3:20-cv-00171-AC
                                       )
                                       )
            vs.              )   May 5, 2021
                                       )
WESTPAC BANKING CORPORATION;   )   Portland, Oregon
BRIAN CHARLES HARTZER; and     )
PETER FRANCIS KING,            )
                                       )
Defendants.                    )

**TRANSCRIPT OF PROCEEDINGS**
(Fairness Hearing by teleconference)

BEFORE THE HONORABLE JOHN ACOSTA

UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

**COURT REPORTER:**        Kellie M. Humiston, RMR, CRR
                           United States District Court
                           1000 SW Third Avenue, Room 301
                           Portland, Oregon 97204
                           (503) 326-8186

**A P P E A R A N C E S**

FOR THE PLAINTIFF:

ROSEN LAW FIRM
By:  Mr. Laurence Rosen
By:  Ms. Sara Fuks
275 Madison Avenue
40th Floor
New York, NY 10016
212-686-1060
Lrosen@rosenlegal.com
Sfuks@rosenlegal.com


FOR THE DEFENDANTS WESTPAC and KING:

CRAVATH, SWAINE & MOORE
By:  Ms. Lauren Rosenberg
     Mr. Timothy Cameron
825 Eighth Avenue
New York, NY 10019
212-474-1000
Lrosenberg@cravath.com
Tcameron@cravath.com


FOR THE DEFENDANT HARTZER:

CABLE HUSTON
By:  Mr. Casey M. Nokes
1455 SW Broadway
Suite 1500
Portland, OR 97201-3412
503-224-3092
Cnokes@cablehuston.com


FOR THE DEFENDANT HARTZER:

JONES DAY
By:  Ms. Lauri W. Sawyer
250 Vesey Street
New York, NY 10281-1047
212-326-3898
Lwsawyer@jonesday.com

(May 5, 2021, 10:03 a.m.)

**P R O C E E D I N G S**

THE COURTROOM DEPUTY:  United States District Court for the District of Oregon is now in session, the Honorable John V. Acosta is presiding.

THE COURT:  Good morning, everyone.  All right.  I want to take role so I know who's here.  I'm told that in addition to our court reporter, there are five people on the phone.  So I'll start with the plaintiffs at class counsel.  Ms. Fuks, are you there?

MS. FUKS:  Yes.  Good morning, Your Honor.  Sara Fuks here from The Rosen Law Firm.

THE COURT:  Good morning.  Thank you.  Is there anyone else who will be appearing for the plaintiffs?

MS. FUKS:  Yes, Your Honor.  I believe Mr. Rosen, the managing partner, is here as well.

THE COURT:  Thank you.  Mr. Rosen, are you there?

MR. ROSEN:  Yes, Your Honor.  Good afternoon.  Or good morning.

THE COURT:  Thank you.  Anyone else for the plaintiffs?  All right.  Thank you.

For Westpac and King, who is there?

MR. CAMERON:  Good morning, Your Honor.  This is Tim Cameron of Cravath on behalf of Westpac and King.  And I believe

my partner, Lauren Rosenberg, is with me as well.

MS. ROSENBERG:  Yes.  Good morning, Your Honor.

THE COURT:  (Indiscernible) on the phone?

MR. CAMERON:  No.  Separately on the separate line, Your Honor.

THE COURT:  Okay.  Now I'm a little confused, Mr. Cameron.  Is Miss Rosenberg also present on this call?

MS. ROSENBERG:  Yes.  Good morning, Your Honor.

THE COURT:  There we go.  Thank you.  Anyone else for Westpac and King?  All right.  Thank you.

And then for Defendant Hartzer, who is there?

MR. NOKES:  Good morning, Your Honor.  This is Casey Nokes of Cable Huston.  We also have Lauri Sawyer from Jones Day on the phone.

THE COURT:  Thank you.  All right.  Before I start here, I want to make sure I know who will be speaking on behalf of each of the three parties.  Mr. Rosen, Miss Fuks, which of you will take the lead?

MS. FUKS:  I'll take the lead, Your Honor.

THE COURT:  Thank you.  And, Miss Fuks, if you would, if you could either turn up your volume a bit or get closer to the speaker or use a headset if you are not using a headset yet. I can hear you, but it is a little -- a little low.

MS. FUKS:  Oh, I'm sorry.  I'll -- I will disconnect my blue tooth and put it in my ear.  I apologize.

THE COURT:  Thank you.

For Westpac and King, who will take the lead?

MR. CAMERON:  Good morning, Your Honor.  Tim Cameron.

THE COURT:  Thank you, Mr. Cameron.

And for Hartzer, will it be Mr. Nokes or Miss Sawyer?

MR. NOKES:  Ms. Sawyer.

MS. SAWYER:  Good morning.  I'm sorry.

Good morning, Your Honor.  This is Lauri Sawyer.  I'll take the lead for Defendant Hartzer.

THE COURT:  Thank you.

(Discussion off the record)

THE COURT:  All right.  We are here as previously scheduled for a fairness hearing with respect to the proposed settlement the plaintiffs have presented on behalf of all of the parties.

Just to review where we are procedurally, on November 5 of 2020, I entered an amended order preliminarily approving the class action settlement.  That's the preliminary approval order. That's how I'll refer to it for the hearing today, and that's docket No. 31.

There are two pending motions that we -- that are the subject of today's hearing, and they are the plaintiffs' consented motion as corrected for final approval of the class action settlement and plan of allocation, that is docket No. 33; and there is the plaintiffs' motion for award of fees,

reimbursement of expenses, and award to the lead plaintiff, which is docket No. 35.  Plaintiffs also filed recently the reply memo on their motion for approval of class action settlement.  That's docket 39.

MS. Fuks, before I go further, I just want to point out something to make sure I didn't miss -- miss a filing.  You submitted proposed orders in connection with each of your two motions that you filed on behalf of the plaintiffs.  Those proposed orders are both for the attorney fee motion.  I think you might have double filed instead of filing your proposed form of order approving the class settlement.

MS. FUKS:  Oh, I apologize, Your Honor.  There must have been a clerical error.  We will -- we will re-file for -- initially file the --

THE COURT:  Thank you.

MS. FUKS:  -- proposed order and final judgment right after this hearing.

THE COURT:  That would be helpful.  Thank you.  Okay. I'm glad I didn't miss something, so thank you.

MS. FUKS:  No.  Sorry about that.

THE COURT:  That's okay.

All right.  I'm going to go through some of the -- let me go through the necessary protocols for our hearing.  First, I want to make sure, as I think has happened, that notice was provided to potential -- to all class members in accordance with

paragraphs 7 and 8 of the preliminary approval order and as represented by class counsel in its recently filed reply memo.

Miss Fuks, is that correct?

MS. FUKS:  Yes, that is correct.

THE COURT:  And confirm, again as represented in the filing, timely exclusion requests have been received by the March 22 date and then -- between then and now, any that have been filed, but my understanding is there were just a handful of exclusionary requests and one, I think you said in your reply memo, that was considered a valid request.

MS. FUKS:  Yes.  That's correct.  We had nine purported requests for exclusion, and only one of those individuals had any recognized losses.  And in the interim, there have been no additional exclusion requests since our last filing.

THE COURT:  Okay.  Thank you.  For the record, the Court has not received any exclusion requests, either. Notwithstanding information that's provided in these notices and these types of cases, sometimes the court is contacted by class members or potential class members.

With respect to objections, I want to confirm first that this Court has received no written objections, timely or otherwise, or notices of intent by any class member to appear at today's hearing.

So, Miss Fuks, I'll start with you to confirm that you have not received any written objections whether by the March 30,

2021, deadline or thereafter as of today.

MS. FUKS:  Your Honor, that's correct.  We have received no objections as of this moment.

THE COURT:  Mr. Cameron, I realize you represent two of the defendants in the case, but I want to confirm that you've not received any written objections from potential class members.

MR. CAMERON:  That is correct, Your Honor.

THE COURT:  Thank you.

And, Miss Sawyer, same question to you.

MS. SAWYER:  We have not received any objections.

THE COURT:  Thank you.

Next, because we do have the phone line open to the public, as I explained yesterday during our status conference, I want to ask if there is any class member present on the phone who wishes to make an objection to the proposed settlement.

(No audible response).

THE COURT:  The record will show that no one has responded.  And I'll wait just another second or two to make sure that someone may have -- may have spoken but had been muted.

(No audible response).

THE COURT:  All right.  There is no response.

All right.  Going through the Rule 23 factors, I had previously determined that the class satisfies the requirements in Rule 23(a) for the factors of numerosity, commonality, typicality, and adequacy, and that was in paragraph 2 of my

preliminary approval order.

In that order in paragraph 2, I also previously determined that the class satisfies the Rule 23(b)(3) requirements for common questions of law in fact, and that they predominate over individual questions, and that a class action proceeding is superior to other methods of resolving the dispute between the plaintiffs and the defendant.

I want to confirm with counsel, and Miss Fuks, I'll start with you, that since entering that preliminary approval order, no party has asserted the basis of either of those preliminary determinations has changed, whether in writing or as of today's hearing. Correct?

MS. FUKS: Yes, that's correct, Your Honor.

THE COURT: Mr. Cameron, correct?

MR. CAMERON: That is correct, Your Honor.

THE COURT: And, Miss Sawyer, correct?

MS. SAWYER: That is correct, Your Honor.

THE COURT: Thank you. I have reviewed all the filings, including the attachments, and reviewed the docket as well to refresh my recollection of the proceedings in the case and the Court's prior ruling. And I find that the proposed settlement is fair, reasonable, and adequate, according to the factors that I must apply.

There will be a written order that follows, but for the record, I'll go through those factors briefly now. Class

counsel, representing the plaintiffs in this case, is very experienced in class actions and has quite adequately represented the class.

The record establishes that the settlement was negotiated at arm's length and discloses no evidence or suggestion of collusion in reaching that agreement.

The settlement amount of 3.1 million is fair and reasonable, considering these facts:  the risks, expense, and complexity, and likely duration of further proceedings in this case.

Next, the settlement amount represents 14 to 21 percent of potential damages that might have been recovered at trial if the plaintiffs had prevailed, and that is within the range of approval and otherwise appropriate for the reasons described in the plaintiffs' motion at pages 12 to 13, and because, in addition, further litigation could reduce the assets from which any judgment would be paid had the plaintiffs prevailed.

As mentioned in the reply recently filed, each of the class members who submitted claims will receive approximately 30 percent recovery of their claimed loss, which amount, even after -- obtains, even after deducting fees, costs, and the lead plaintiffs' award, all of that also as described in the reply memo at pages 7 to 9.

The plan of allocation compensates each class member in an equitable fashion, and no objection had been filed to the

plan, again, as represented and described by the plaintiffs in their reply memo at pages 4 to 5.

And class counsel's attorney fees of one-third of the settlement amount is an appropriate amount for all the reasons described in plaintiff's motion for attorney fees.  And I would note in particular, the costs incurred of approximately $25,000 are reasonable, quite reasonable, and necessary, especially considering the complexity of this case, the amount at issue, the number of parties and class members.  And in this Court's experience, the costs and expenses incurred in class action cases of this type, which are in -- considerably in excess of those incurred here, so I commend class counsel and all counsel for that as well.

All right.  Before we conclude, Miss Fuks, is there anything else the Court should cover or that the plaintiffs wish to note for the record at this time?

MS. FUKS:  Well, Your Honor, just one other matter.  We also requested the $1,500 PSLRA award for the lead plaintiff, and I don't believe Your Honor has addressed that.

THE COURT:  You're right, I didn't.  I'm sorry.  I neglected to do that.  I find that that is also fair and reasonable, according to the applicable factors.  I suppose I focused more on the amount and the factors there and on the attorney fee award, and neglected to mention that as well.

MS. FUKS:  Thank you, Your Honor.

THE COURT:  That will also be -- that will be included in the written order as well.

Mr. Cameron for Westpac and King, is there anything else we should cover?

MR. CAMERON:  Nothing further from us, Your Honor.  And thank you.

THE COURT:  Miss Sawyer, anything else for Defendant Hartzer?

MS. SAWYER:  No, thank you, Your Honor.

THE COURT:  Thank you.

As I mentioned, a written opinion and order will follow.  And it will be an opinion and order, because as of today, this morning, actually, full consent has been received to jurisdiction by magistrate judge from all the parties, and so we will get that out in due course.

Miss Fuks, we'll look for that proposed form of order when you've gotten it ready or prepared it and received the approval of the other lawyers in the case.

MS. FUKS:  Thank you, Your Honor.  Yes, it is all prepared and approved.  I just have to submit it.  Again, it was a clerical error, so we submitted two identical orders.

THE COURT:  One thing that just occurred to me as I was reviewing materials last night, it would be helpful if you submitted that order as well as the proposed order for fees and costs and the lead plaintiff award in a Word document.

MS. FUKS:  Absolutely.

THE COURT:  Good.  Thank you.

Everyone, thank you very much for being here this morning and for your good work in this case.  I think that concludes our proceeding, and I wish all of you a very good day. Bye-bye.

MR. CAMERON:  Thank you, Your Honor.

MS. FUKS:  Thank you, Your Honor.

MS. SAWYER:  Thank you, Your Honor.

MR. ROSEN:  Thank you, Your Honor.

(Proceedings concluded at 10:17 a.m.)

# C E R T I F I C A T E

I certify by signing below that the foregoing is a true and correct transcript of the record, taken by stenographic means, to the best of my ability, of the telephonic proceedings in the above-entitled cause.

Due to the telephonic connections of parties appearing via videoconference, speakerphone, or cell phone, speakers talking over one another, speakers failing to enunciate, speakers not identifying themselves before they speak, and/or other technical difficulties that occur during telephonic proceedings, this certification is limited by the above-mentioned reasons and any technological difficulties of such proceedings occurring over the telephone.

A transcript without an original signature, conformed signature, or digitally-signed signature is not certified.

DATED this 8th day of May, 2021.


/s/ Kellie M. Humiston_____

Kellie M. Humiston, RMR, CRR
Official Court Reporter
Certificates Expire:  9/2021