UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| JOHN BYRNE, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WESTPAC BANKING CORPORATION, BRIAN CHARLES HARTZER, and PETER FRANCIS KING, <br><br> Defendants. | Case No: 3:20-cv-00171-AC |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

IT IS HEREBY ORDERED THAT:

1.    Plaintiffs' Motion for Distribution of Class Action Settlement Funds is GRANTED.

2.    The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibits B-1 and B-2 to the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Declaration"), at the direction of Class Counsel, The Rosen Law Firm P.A. pursuant to the Stipulation and Agreement of Settlement filed with the Court on October 12, 2020 (the "Stipulation") (Dkt. No. 29) and the Plan of Allocation of the Net Settlement Fund set forth in the Notice of Pendency and Proposed Settlement of Class Action that was distributed pursuant to this Court's prior Order.

3.      Any person asserting any rejected or subsequently filed claims are finally and forever barred as of March 31, 2021 the date used to finalize the administration based on the Bravata Declaration.

4.      The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, including, but not limited to Class Counsel and the Court-appointed Claims Administrator, Strategic Claims Services ("SCS"), are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

5.      The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Class Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

6.      Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining

2

balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel.

7.      SCS is hereby ordered to discard paper or hard copies of Proofs of Claims and supporting documents not less than one (1) year after all distributions of the Net Settlement Fund to the eligible claimants, and electronic copies of the same not less than three (3) years after all distributions of the Net Settlement Fund to the eligible claimants.

8.      This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

IT IS SO ORDERED

Dated: _____          _____

                                        HONORABLE JOHN V. ACOSTA
                                        UNITED STATES MAGISTRATE JUDGE