# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| JOHN BYRNE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WESTPAC BANKING CORPORATION, BRIAN CHARLES HARTZER, and PETER FRANCIS KING,<br><br>Defendants. | **Case No: 3:20-cv-00171-AC** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

Class Representatives Edward Davies and John Byrne ("Plaintiffs" or "Class Representatives"), respectfully submit this Memorandum of Law in Support of their Motion for Distribution of Class Action Settlement Funds.[1]

## I. INTRODUCTION

On May 12, 2021 the Court entered the Order and Final Judgment. (Dkt. No. 53).

Class Counsel has been advised by the court-appointed Class Action Claims Administrator, Strategic Claims Services, Inc. ("SCS"), that it has completed all analyses and accounting procedures in connection with the proofs of claim submitted by those persons who responded to the Notice and has determined which of those persons are Authorized Claimants. *See* Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Declaration") ¶¶3-7.

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings as set forth in the Stipulation of Settlement (the "Stipulation"), filed with the Court on October 12, 2020 (Dkt. 29).

All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. *See* Stipulation at p. 27, ¶31 Thus, Class Counsel requests that the Court authorize the distribution of the Net Settlement Fund to the Authorized Claimants.

## II. DETERMINATION OF AUTHORIZED CLAIMS

### A. Deficient and Ineligible Claims

Pursuant to the Amended Preliminary Approval Order (Dkt. No. 31) all claims were to be submitted to the Claims Administrator postmarked no later than January 18, 2021 (sixty calendar days after the Notice Date). ¶10. The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible. *See* Bravata Declaration ¶7.

SCS identified 210 inadequately documented claims. Bravata Declaration ¶7(b). When claims were inadequately documented, SCS sent claimants deficiency notices advising them of the nature of their inadequacy and providing them an opportunity to cure. *Id.* Of the 210 claims initially identified as deficient, 88 have been successfully rectified and are now considered valid. *Id.* Each of the remaining 122 deficient claimants either did not respond to the deficiency notice or responded with insufficient documentation. *Id.* These claimants were sent a rejection notice explaining the reason(s) for their rejection. *Id.* To date, none of these 122 rejected claimants has objected to or contested SCS's determination. *Id.*

In addition, SCS identified 22,766 claims that it has recommended for complete rejection. Bravata Declaration ¶7(c). Such claimants were sent rejection notices advising them of SCS's determination. *Id.* To date, none of these 22,766 ineligible claimants has objected to or contested SCS's determination. *Id.*

### B. Properly Documented Claims

1

SCS identified 9,518 properly documented valid claims that were received on or before March 31, 2021. Bravata Declaration ¶7(a). These valid claims represent total Recognized Losses of $6,196,318.12. *Id.* Of these valid claims, 27 were filed late.

The Court should accept all late but otherwise valid claims postmarked after January 18, 2021 but received by SCS on or before March 31, 2021, because the untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund to the Class, or otherwise prejudiced any Authorized Claimant. *Id.*; *See In re "Agent Orange" Product Liability Litig.*, 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims."); *see also In re Crazy Eddie Securities Litigation*, 906 F.Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds).

Plaintiffs respectfully request that the Court approve the 9,518 properly documented claims as listed in Exhibits B-1 and B-2 of the Bravata Declaration.

## III. DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to the Stipulation and the Plan of Allocation authorized by the Court's Final Judgment, "[t]he Claims Administrator shall administer the settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court." *See* Stipulation at p. 23 at ¶23.

To the extent any monies remain in the Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds

2

remaining after payment of any unpaid fees and expenses incurred in administering the Settlement. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court decide the within motion on the papers and approve and enter the [Proposed] Order concerning distribution of the Net Settlement Fund.

Dated: December 1, 2021

Respectfully submitted,

*/s/ Sara Fuks*
**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
Sara Fuks
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: sfuks@rosenlegal.com

*Class Counsel for Class Representatives and the Class*

**RANSOM, GILBERTSON, MARTIN & RATLIFF, LLP**
Jeffrey S. Ratliff
5441 S. Macadam Avenue Suite 301
Portland, OR 97239
T: 503-226-3664

*Liaison Counsel for Class Representatives and the Class*

3